**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA for the use of KIMO CONSTRUCTORS, INC., a New Mexico corporation,**

**Plaintiff,**

**vs.**

**THE OHIO CASUALTY INSURANCE COMPANY, a New Hampshire corporation, E-CORP, a Utah corporation, SHIVER SOUTHWEST LLC, a New Mexico limited liability company, JAKE SHIVER, an individual, and JAMIE SHIVER, an individual all jointly and severally,**

**Defendants.**

**COMPLAINT ON PAYMENT BOND, FOR DEBT DUE BY CONTRACT, AND IN QUANTUM MERUIT, THIRD PARTY BENEFICIARY, FRAUD, PUNITIVE DAMAGES, AND PIERCING THE CORPORATE VEIL**

COMES NOW Use Plaintiff, Kimo Constructors, Inc., by counsel Bingham, Hurst & Apodaca, P.C. (Wayne E. Bingham), and for its causes of action states:

COUNT I

MILLER ACT

1. Jurisdiction of the Court is conferred by Title 40 of the United States Code, §§ 3131 and 3133 as amended, diversity jurisdiction, and pendent state claims.

2. Venue of the Court is conferred by Title 40 of the United States Code, §3133(b), as amended, since the contract was performed within the District of New Mexico at Kirtland Air Force Base.

3. Use Plaintiff Kimo Constructors, Inc. (herein Kimo) is a New Mexico corporation with offices in Bosque Farms, New Mexico.

4. Defendant The Ohio Casualty Insurance Company (herein Surety) is a New Hampshire corporation doing business in New Mexico.

5. Defendant E-CORP (herein E-Corp) is a Utah corporation doing business in New Mexico at Kirtland Air Force Base.

6. Defendant Shiver Southwest, LLC is a New Mexico limited liability company with offices in Albuquerque, New Mexico.

7. Defendants Jake Shiver and Jamie Shiver are brothers and owners and members of Defendant Shiver SW.

8. In or about late 2017 or early 2018, E-Corp entered into a government contract FA-9401-14-D-00001/FA 940117F0078 for construction of an Erosion Control Bridge at Kirtland Air Force Base Project No. #KM1011-FAFB, commonly known as the Igloo Bridge Project (herein Project).

9. In connection with the Project, Defendant E-Corp, with Defendant Surety, duly executed and delivered to the United States of America Payment Bond Number 601125083 for the protection of all persons previously supplying labor and material to the Project, all in accordance with the provisions of 40 USC §§3131 and 3133.

10. Defendant E-Corp, as prime contractor, and Defendant Shiver SW, as subcontractor, entered into a subcontract in or about early 2018 under which Shiver SW was to perform work in the prosecution of the Project.

11. Defendant Shiver SW, as subcontractor, and Defendant Kimo, as a second-tier subcontractor, entered into a sub-contract on June 18, 2018 under which Kimo was to perform work in the prosecution of the Project, more specifically, supplying revetment mats, and gabions, fine grading, excavation and backfill. A copy of the contract between Shiver and SW is attached hereto as Exhibit #1 and is incorporated herein by reference. The original contract amount of $110,987.70 was increased to $115,041.60.

12. Use Plaintiff Kimo has not been paid by Shiver SW and there remains unpaid the total amount of $115,041.60 for labor and materials used in the prosecution of the Project, for a total to date of $115,041.60 plus pre-judgment interest since November 30, 2018. See Pay Application attached hereto as Exhibit #2 and is incorporated herein by reference.

13. On February 8, 2019, Kimo gave timely notice to E-Corp that Kimo had not been paid by Shiver SW in connection with the Project. A copy of this notice to E-Corp together with the accompanying e-mail transmittal to E-Corp and Priority Mail delivery confirmation to E-Corp is attached hereto as Exhibit #3 and incorporated herein by reference.

14. E-Corp had the legal obligation to advise Ohio, E-Corp's surety, of the Miller Act Notice sent by Kimo to E-Corp.

15. On or about February 14, 2019, Shiver SW did pay Kimo $115,041.60 but then stopped payment on the check before the check could be credited to Kimo's account. See copy of Shiver SW's check to Kimo with "Payment Stopped" noted on the check and

Shiver SW's bank's confirmation of "Payment Stopped", all of which together are attached hereto as Exhibit #4 and incorporated herein by reference.

16. Use Plaintiff Kimo has performed all conditions required of it in a workmanlike manner consistent with Project specifications and industry standards.

WHEREFORE, Use Plaintiff Kimo requests that the Court grant it judgment against Defendant Surety on the payment bond in the amount of $115,041.00, plus costs, interest, attorney fees and such other and further relief as the Court may deem appropriate.

COUNT II

DEBT DUE BY CONTRACT

17. Use Plaintiff Kimo realleges paragraphs 1 through 16 as if set forth herein.

18. Use Plaintiff Kimo supplied labor and materials to Shiver SW pursuant to written contract (Exhibit #1 hereto).

19. There remains due and owing to Kimo by Shiver SW on the contract the amount of $115,041.60 (Exhibit #2 hereto), plus pre-judgment interest.

20. Shiver SW has refused to pay the balance due Kimo.

21. The contract between Shiver SW and Kimo provides for payment of Kimo's attorney fees should Kimo prevail in a dispute with Shiver SW.

WHEREFORE, Use Plaintiff Kimo requests that the Court enter judgment in its favor against Defendant Shiver SW in the amount of $115,041.60, plus costs, interest, attorney fees and such other relief as the Court may deem appropriate.

COUNT III

*QUANTUM MERUIT*

22. Use Plaintiff Kimo realleges paragraphs 1 through 21 as if set forth herein.

23. Use Plaintiff Kimo provided labor and materials to the Project at the request of Defendant Shiver SW for the benefit of Shiver SW, E-Corp and Jake Shiver and Jamie Shiver, individually.

24. The labor and materials provided by Kimo to Shiver SW, E-Corp and Jake Shiver and Jamie Shiver, individually, were reasonably worth $115,041.60.

25. Use Plaintiff Kimo is entitled to receive $115,041.60 from Defendants Shiver SW, E-Corp, Jake Shiver and Jamie Shiver, jointly and severally, in *quantum meruit.*

WHEREFORE, Kimo requests that the Court enter judgment in its favor against Defendants Shiver SW, E-Corp and Jake Shiver and Jamie Shiver, jointly and severally, in the amount of $115,041.60, plus costs, interest, attorney fees, and such other and further relief as the Court may deem appropriate.

COUNT IV

THIRD PARTY BENEFICIARY

26. Use Plaintiff Kimo realleges paragraphs 1 through 25 as if set forth herein.

27. The labor and materials Kimo provided to Shiver SW for the Project were for the benefit of Defendants E-Corp, Jake Shiver and Jamie Shiver.

WHEREFORE, Use Plaintiff Kimo requests that the Court enter judgment in its favor against Defendants E-Corp and Jake Shiver and Jamie Shiver, jointly and severally, in the amount of $115,041.60, plus costs, interest, attorney fees and such other relief as the Court may deem appropriate.

COUNT V

FRAUD

28. Use Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 27.

29. Defendants Shiver SW, Jake Shiver and Jamie Shiver, induced Kimo to supply labor and materials to the Project described above with the intent never to pay Kimo for the work performed by Kimo, but, rather, to in effect get Kimo to perform work for free.

30. Such actions on the part of Defendants Shiver SW, Jake Shiver and Jamie Shiver were done with the intent to defraud Kimo, and Kimo was, in fact, defrauded.

31. Kimo has been damaged by Defendants Shiver SW, Jake Shiver and Jamie Shiver's fraud in the amount of $115,041.60.

32. More specifically:

a. Defendants Shiver SW, Jake Shiver and Jamie Shiver jointly and/or separately, intended that Kimo not be paid and/or intended not to pay Kimo.

b. Defendants Shiver SW, Jake Shiver and Jamie Shiver, jointly or severally, engaged in a preconceived design not to pay Kimo for the work it performed on behalf of and for the benefit of Defendants.

c. The intention not to pay Kimo for the work it performed on behalf of Defendants E-Corp, Shiver SW, Jake Shiver and Jamie Shiver, jointly and/or separately, existed at the time Kimo performed the work for the benefit of Defendants E-Corp, Shiver SW, Jake Shiver and Jamie Shiver. This was a positive and predetermined intention on the part of Defendants Shiver SW, Jake Shiver and Jamie Shiver, jointly and separately.

d. Defendants Shiver SW, Jake Shiver and Jamie Shiver, jointly and severally, made false representations to Kimo that Kimo would be paid for the work it performed for benefit of Defendants E-Corp, Shiver SW, Jake Shiver and Jamie Shiver.

WHEREFORE, Use Plaintiff prays for judgment against all Defendants, Shiver SW, Jake Shiver and Jamie Shiver, jointly and severally, in the amount of $115,041.60, plus costs, interest, attorney's fees, and for such other and further relief as the Court may deem just.

**COUNT VI**

PUNITIVE DAMAGES

33. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 32.

34. Defendants Shiver SW, Jake Shiver and Jamie Shiver's actions in not paying Kimo in full for the work which Plaintiff performed for Defendants' Shiver SW, Jake Shiver and Jamie Shiver's benefit were done willfully and maliciously, with intent to harm Kimo, and Kimo was harmed, thus entitling Kimo to an award of punitive damages against

Defendants Shiver SW, Jake Shiver and Jamie Shiver to defer this type of misconduct by these Defendants in the future.

35. An award of punitive damages in the amount of $345,000.00 (three times the amount of damages suffered by Kimo) against each Defendant, Shiver SW, Jake Shiver and Jamie Shiver individually would be appropriate to deter this type of misconduct by these Defendants in the future.

WHEREFORE, Plaintiff Kimo prays for judgment against Defendants Shiver SW, Jake Shiver and Jamie Shiver in the amount of $115,041.60, jointly and severally, plus an additional amount of $345,000.00 in punitive damages against Defendants Shiver SW, Jake Shiver and Jamie Shiver, each individually, plus costs, interest, attorney's fees and for such other and further relief as the Court may deem just.

COUNT V

PIERCING THE CORPORATE VEIL

36. Plaintiff Kimo restates and incorporates paragraphs 1 through 35 above.

37. Upon information and belief, as the result of the exclusive unity of ownership and control of Defendant Shiver SW by Defendants Jake Shiver and Jamie Shiver, Shiver SW ceased to maintain its independent business identity and instead became the mere instrument of Defendants Jake Shiver and Jamie Shiver.

38. Upon information and belief, Jake Shiver and Jamie Shiver had no intention of complying with the duty of care they owed to Plaintiff Kimo.

39. Upon information and belief, Jake Shiver and Jamie Shiver exercised control over Defendant Shiver SW in such a manner as to avoid Shiver SW's duty of care toward Plaintiff Kimo.

40. Defendants Jake Shiver and Jamie Shiver violated the public policy of New Mexico by violating New Mexico's Business Corporations Act.

41. Defendants Jake Shiver and Jamie Shiver intentionally misrepresented material facts to Plaintiff Kimo that Defendant Shiver SW would pay Kimo for the work it performed in connection with the Project. .

42. As a result of Defendants Jake Shiver's and Jamie Shiver's exercise and control over Shiver SW, Defendants Jake Shiver and Jamie Shiver were able to guide Shiver SW to perform the improper acts of non-payment of amounts owed Kimo.

43. Plaintiff Kimo has been damaged in the amounts of $115,041.60 as set forth herein due to Defendants' Jake Shiver's and Jamie Shiver's control and improper purposes of Shiver SW; i.e. intentional and fraudulent failure to pay Kimo amounts owed Kimo. .

44. Under piercing of corporate veil principles, Defendants Jake Shiver and Jamie Shiver are liable for Defendant Shiver SW's obligations to Plaintiff Kimo...

45. Plaintiff is Kimo entitled to an order from the Court piercing the corporate veil and an order of judgment against Defendants Jake Shiver and Jamie Shiver, jointly and severally, in the amounts of $115,041.60.

WHEREFORE, based on the above, Plaintiff Kimo requests that the Court enter a judgment against all named Defendants Jake Shiver and Jamie Shiver, jointly and severally, in the amounts of $115,041.60 plus interest, court costs, attorney fees and such other relief as the Court may deem appropriate. .

Respectfully submitted by:

BINGHAM, HURST & APODACA, P.C.

Wayne E. Bingham and
Counsel for Use Plaintiff
2420 Comanche Rd., NE, Ste. H-6
Albuquerque, NM 87107
Telephone: (505) 881-4545
E-mail: wbingham@binghamhurst.com